E-FILED
Monday, 24 March, 2008   10:40:25 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

URBANA DIVISION

_____

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **Case No. 02-CR-20031** |
| | ) | |
| **DAVID BLOOMBERG,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### ORDER

On January 9, 2003, a sentencing hearing was held and Defendant, David Bloomberg, was sentenced to a term of 210 months in the Federal Bureau of Prisons for a crack cocaine offense. On February 26, 2008, Defendant filed a pro se Motion to Reduce Sentence (#23) based on the retroactive amendment to the sentencing guideline range regarding crack cocaine sentencing. On February 26, 2008, this court entered a text order and appointed the Federal Defender for the Central District of Illinois to represent Defendant.

On March 6, 2008, Jonathan E. Hawley of the Federal Public Defender's office filed a Motion to Withdraw as Counsel (#24). In his Motion, Defendant's counsel stated that he had thoroughly reviewed Defendant's case and concluded that he is ineligible for a reduction because he was sentenced as a career offender and it was the career offender guideline and not the crack cocaine guideline which determined Defendant's guideline sentencing range. Defendant's counsel therefore asked to be allowed to withdraw as counsel and asked that Defendant be allowed to proceed pro se.

On March 11, 2008, this court entered an Order (#25). This court noted that a reduction in sentence cannot be granted where the amendment does not have the effect of lowering the defendant's applicable guideline range because he was sentenced based upon the career offender guideline. This court then granted Defendant's counsel's motion to withdraw and allowed Defendant to pursue the matter pro se. This court allowed Defendant 28 days to file a pleading regarding why the amendment

should apply to him to allow a reduction in his sentence.

On March 14, 2008, this court received a letter (#27) from Defendant regarding the reduction in his sentence. This court concluded that the letter was sent prior to this court's order and was not a response to the order. On March 18, 2008, this court received Defendant's pro se Response (#28). Defendant stated that he had requested advice from his "legal sidekicks" (presumably at the prison) and was told that this court possibly could do something.

This court has carefully reviewed the record in this case and Defendant's Response. Following this careful review, this court agrees with Defendant's counsel that, because Defendant was sentenced based upon the applicable career offender guideline range rather than the crack cocaine guideline range, he cannot receive a reduction in his sentence based upon the retroactive amendment to the sentencing guideline range regarding crack cocaine sentencing.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's pro se Motion to Reduce Sentence (#23) is DENIED.

(2) Defendant has 10 days from the date of this court's order to file a Notice of Appeal with the clerk of this court.

ENTERED this 24th day of March, 2008

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE