THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

UNITED STATES OF AMERICA,
   Plaintiff

v.            Case No: 02-20031

DAVID B. BLOOMBERG,
   Defendant

oooo-00-oooo

FILED
MAR 2 6 2008
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MOTION TO REDUCE SENTENCE
PURSUANT TO TITLE 18 U.S.C. §3582(c)(2)

 Comes now defendant David Bloomberg, in prose before this court seeking the reduction of his prison term pursuant to Title 18 U.S.C. §3582(c)(2)(2000) and in response to the ruling made by the Honorable Michael P. McCuskey, Chief District Judge from March 11, 2008.

 1) The defendant was sentenced on January 9, 2003 to a term of 210 months imprisonment as the result of a plea of guilty to 1 count of possession with the intent to distribute fifty grams or more of cocaine base. Title 21 §841(A)(1) and (b)(1)(A)(111).

 The statue the defendant was convicted for falls under the U.S.S.G. 2D1.1. (Amended on November 1, 2007 and made retroactive on December 11, 2007). At the time of sentencing, the Mandatory Sentencing guideline level for the weight involved was 32. This was in line with the Drug Quantity Level table for more than 50 grams but less than 150 grams of cocaine base.

 The defendant was then enhanced to career offender sattus. As the result of qualifiung prior convictions under a mandatory guideline system.

 2) The defendant argues the amendment does apply based on the lack of explicite, specific or implied language in the amendment that bars enhance-

- 2 -

ment being considered.

The defendant now points to page 5 of the revised presentence report docket no: 02-20031-01. Presented here and attached as (Exhibit A). This page clearly states the language chapter for enhancements.

Supported in U.S. v. Oritz, 502 F.Supp 2.d 712, 719 (N.D. Ohio 2007).

3) The defendant now requests the court to consider U.S. v. Booker, 543 US 220. Which made the guidelines advisory, under U.S. Hicks, 472 F3d 1167 (9th Cir. 2007). Where a substantial change in the guidelines range authorizes the district court to resentence. Booker is the substantial change.

4) Which leads to Nichols v. U.S., 501 F3d 542 (6th Cir. 2007). Where the court determined that although Nichols was sentenced in May of 2002, the ruling in Apprrendi v. New Jersey, 530 US 466 (2000) was enough to question the Constitutionality of a mandatory guideline system.

Even today in a post Booker advisory sentencing guideline system. The Career Offender enhancement still uses language that is mandatory in nature.

4B1.1(b) "the offense level from this subsection [s]hall apply." Webster's unabridged dictionary uses the words imperative and definite in the definition of the word shall.

Although the 6th Amendment states "other than prior conviction." The defendant argues this only applies to what the guidelines use as Criminal History Category 1-6. Making the 4B1.1 **Enhancement** advisory not [M]andatory as the language presents it.

5) The defendant requests the court to consider a more recent case in U.S. v. Oritz, 502 F.Supp. 712 (N.D. Ohio 2007). Where Oritz was enhanced to Career Offender. The circumstances very similar to the defendant. The difference being Post Booker and Rita 551 US___ 2007, [Now Kimbrough (552 US___)].

- 3 -

The court chose to use an alternate method to determine a sentence "sufficient but not greater than necessary" (See Id. at 719) Finding 168 months was appropriate.

Another example would be U.S. V. Santoya, 493 F.Supp 2d 1075 (E.D. Wis. 2007). Where a Career Offender **Enhancement** was adjusted to 138 months.

**Wherefore**, in conclusion the defendant has provided an explanation as to why he feels the amendment 706 applies. Neither the amendment or the commentary for 1B1.10 specifically include enhancements.

The defendant poses no threat to the safety of the public. His prior convictions amount to little more than mischief, nuscience and drug charges. No victim impact has ever been recorded.

The defendant is coming on his 49th year of age. He has served 72 months of the current 210 month sentence. He requests this Honorable Court to consider a reduced sentence of level 29 category VI 151 months as a sentence sufficient but not greater than necessary.

Date Submitted: March 24th 2008            Respectfully Submitted;

                                           David Bloomberg, in pro se
                                           FCI Reg's No: 12838-026
                                           FCI - Elkton
                                           P.O. Box 10
                                           Lisbon, Ohio  44432

### CERTIFICATE OF SERVICE

I, David Bloomberg certify that a copy of the foregoing Motion for Reduction of sentence pursuant to Title 18 USC §3582(c)(2) was sent via regular United States Postal Mail, postage pre-paid and mailed to: The United States Attorney's Office, Assistant U.S. Attorney, Mr. Timothy A, Bass, 201 S. Vine Street, Urbana, Illinois, 61802 on the: 24th day of March, 2008.

                                           David Bloomberg, in pro se

RE: BLOOMBERG, David

    arguably be considered a personal use amount. This substance will not be used in the calculation of the base offense level. The portion of powder and crack cocaine seized from the defendant's persons, that were not sent to the lab, will not be used in the calculation of the base offense level. Omitting these substances will not effect the base offense level. Therefore, the defendant is accountable for 91 grams of crack cocaine and 30.4 grams of powder cocaine. These two drugs are converted to marijuana equivalency to determine the base offense level. The conversion process yields a total of 1,826.08 kilograms of marijuana. According to U.S.S.G. § 2D1.1 (c)(4), offenses involving between 1,000 and 3,000 kilograms of marijuana have an offense level of 32.    **32**

15. **Specific Offense Characteristics:** None.    0

16. **Victim Related Adjustment:** None.    0

17. **Adjustment for Role in the Offense:** None.    0

18. **Adjustment for Obstruction of Justice:** None.    0

19. **Adjusted Offense Level (Subtotal):**    32

20. **Adjustment for Acceptance of Responsibility:** The offense level is reduced three levels pursuant to U.S.S.G. § 3E1.1(a) and (b)(1)&(2).    -3

21. **Total Offense Level:**    29

22. **Chapter Four Enhancements:** According to U.S.S.G. § 4B1.1, a defendant is a career offender if (1) he is at least eighteen years old at the time he committed the offense; (2) the instant offense is a felony offense that is a crime of violence or a controlled substance offense; and (3) he has at least two prior felony offenses that were either a crime of violence or a controlled substance offense. The definition of a crime of violence includes any federal or state offense punishable by imprisonment for a term exceeding one year that is burglary of a dwelling or otherwise involves conduct that presents a serious potential risk of physical injury to another U.S.S.G. § 4B1.2(a)(2). The defendant has two prior felony convictions including a crime of violence offense (Case #82-CF-388) and a combined crime of violence and drug offense (Case #88-CF-52). According to U.S.S.G. § 4B1.1(A), the offense level for an offense with a

5